GARY M. RESTAINO
United States Attorney
District of Arizona

THOMAS SIMON
Arizona State Bar No. 03857
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Ste. 1800
Phoenix, Arizona 85004 4408
Telephone (602) 514-7500
Email: tom.simon@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Goseyun, III,<br><br>Defendant. | No. CR 23-01407-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT OBJECTION OF THE PRESENTENCE REPORT** |

The United States of America, by and through undersigned counsel, respectfully requests this Court to deny Defendant's objection to the Presentence Report (PSR) for the reason that Defendant has failed to accept responsibility for his criminal conduct.

**FACTS**

On April 3, 2024, Defendant pleaded guilty to Count 2 of the indictment which alleged that between on or about March 31, and May 10, 2023, in the District of Arizona, Defendant and his co-defendant, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons, known and unknown to the Grand Jury, to possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846. (Doc 37.)

On May 31, 2024, San Carlos Police Officers executed a search warrant issued for Defendant's residence. This search revealed 23 items of evidence which included one firearm, an estimated 100 rounds of various live ammunition, gun holsters, gun cases and gun magazines. These items were found buried in Defendant's yard. Defendant was arrested and charged as a prohibited possessor. (PSR, ¶ 33.)

On June 7, 2024, a Petition to Revoke Defendant's Pretrial Release was filed which alleged Defendant possessed the aforementioned firearm, he failed to report as directed, and he failed to submit to urinalysis testing. On June 7, 2024, a warrant was issued.  On June 10, 2024, Defendant was arrested on his pretrial release violation warrant.  On June 12, 2024, a Pretrial Revocation Hearing was held. Defendant's pretrial supervision was revoked, and he was ordered detained. (PSR, ¶¶ 4-5.)

The Presentence Officer, in computing Defendant's Offense Level in the PSR, did not provide a reduction for Acceptance of Responsibility.  The Officer noted that "as of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. Specifically, the defendant has not demonstrated a voluntary termination or withdrawal from criminal conduct pursuant to U.S.S.G.. §3E1.1, comment.(n.1(B)). On May 31, 2024, the defendant was arrested following a search of his residence which revealed one firearm and an estimation of over 100 rounds of various live ammunition, which were found buried in the defendant's yard. In addition, the defendant committed this new offense while on pretrial supervision, and thus violated the conditions of his pretrial supervision by possessing a firearm and/or ammunition." (PSR, ¶ 26.)

Defendant objects to the Offense Level Computation, arguing Defendant is entitled to a 3 level reduction pursuant to U.S.S.G.. §3E1.1, as he pled guilty and accepted responsibility for the crime for which he was indicted.

A defendant, however, as here, may forfeit the Offense Level reduction for Acceptance of Responsibility where there is reliable evidence of that defendant's continuing criminal conduct.

**ARGUMENT**

Section 3E1.1(a) provides that the district court should reduce a defendant's offense by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The Application Notes provide that the district court may consider, among other factors, a defendant's "voluntary termination or withdrawal from criminal conduct or associations" in determining whether the defendant has accepted responsibility. U.S.S.G. §3E1.1(a) Application Note 1(b).

However, neither the text of U.S.S.G. § 3E1.1(a) nor the Application Notes restrict consideration of criminal conduct to "related" criminal conduct or even to conduct of the same nature as the offense. The Application Notes, which are a compilation of some, but not all, relevant considerations in an acceptance of responsibility determination, are written broadly. Finally, Application Note 5 counsels that the sentencing judge is in a "unique position to evaluate a defendant's acceptance of responsibility." The sentencing judge is given significant latitude under the Guidelines to assess the sincerity of a defendant's claim of responsibility. (*See, United States v. Mara*, 523 F.3d 1036, 1038 (9th Cir. 2008.)

A sentencing judge is not be bound to accept a defendant's "mechanical plea" as a genuine acceptance of responsibility where, as here, that plea is followed by continued criminal acts. *Id.*; *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996.) Consideration of unrelated conduct is not improper because "the defendant's post-offense conduct can shed significant light on the genuineness of a defendant's claimed remorse." *Ceccarani,* at 129. That a defendant's continuing criminal conduct is different in nature, character, or degree from the offense of conviction does not undermine the fact that it is inconsistent with acceptance of responsibility. *Mara*, at 1038.

Finally, the Presentence Report writer's reliance on the San Carlos Police Department's report of investigation and arrest of Defendant as one basis for not providing Defendant with a reduction for Acceptance of Responsibility was appropriate. U.S.S.G. § 6A1.3(a) provides: "In resolving any dispute concerning a factor important to the

sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." Here, the statements contained in the report were sufficient to provide the requisite indicia of reliability of Defendant's continuing criminal conduct. *See, e.g., United Stated v Ingham*, 486 F.3d 1068, 1076-78 (9th Cir. 2007).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests this Court overrule Defendant's objection to the PSR.

Respectfully submitted this 21st day of August 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Thomas Simon*
THOMAS SIMON
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Myles A. Schneider, *Attorney for Defendant*

*s/ Lynne Hughes*
U.S. Attorney's Office